UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MASTERFILE CORPORATION, )
)
    Plaintiff, )
)
v. ) Case No. 1:10-cv-00134 (AJT/IDD)
)
DEVELOPMENT PARTNERS, INC., )
)
    Defendant. )

### REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the April 13, 2010 Order from the Honorable Anthony J. Trenga, United States District Judge, Eastern District of Virginia (Dkt. No. 8), and Plaintiff's Motion for Default Judgment against Development Partners, Inc. ("Defendant") (Dkt. No. 15). After a representative of Defendant failed to appear at the May 14, 2010 hearing, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge recommends that default judgment be entered against Defendant.

### I. INTRODUCTION

On February 17, 2010, Masterfile Corporation ("Plaintiff") brought this action against Development Partners, Inc. ("Defendant") to recover damages for the Defendant's infringement of the Plaintiff's copyrighted photographic images. The Complaint alleges copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (Compl. ¶¶ 1, Prayer for Relief.) Plaintiff alleges that Defendant unlawfully

1

reproduced, publicly displayed, and illegally created works of five (5) copyrighted images owned by Plaintiff. (Compl. ¶ 2.) Thus, Plaintiff has moved for default judgment and requests the Court to award Plaintiff statutory damages, injunctive relief, reasonable attorneys' fees, and plaintiff's costs. (Pl.'s Mem. Supp. Default J. at 1-2.)

## A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. The Court has subject matter jurisdiction over this case under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. §§ 1331 and 1338 because this suit arises under the federal Copyright laws. (Compl. ¶ 5.)

The Court also has personal jurisdiction over Defendant because Defendant is incorporated in the Commonwealth of Virginia, and Defendant's registered agent for service is situated in this district (Corporation Service Company, 11 S. 12th Street, P.O. Box 1463, Richmond, VA 23218). (Compl. ¶ 6; Pl.'s Mem. Supp. Default J. at 2.) Venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this district, and a substantial part of the alleged acts of infringement occurred in this District. (Compl. ¶ 7; Pl.'s Mem. Supp. Default J. at 2.)

## B. Service of Process

Under Fed. R. Civ. P. 4(h), service upon a corporation, partnership or other unincorporated association shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1) of that rule, or by delivering a copy of the summons and of the

complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process..." Subdivision (e)(1) provides that service may be achieved "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State..." Thus, service is proper if it is executed according to Virginia law.

In Virginia, process may be served upon a domestic corporation by "personal service on any officer, director, or registered agent of such corporation." Va. Code Ann. § 8.01-299. On February 22, 2010, Plaintiff's private process server properly delivered a copy of the Summons and Complaint to Defendant's registered agent, Rene Nordquist, CSC, 11 South 12th Street, Richmond, VA. (Dkt. No. 12, Exh. 1 Daniel H. Marti Declaration.) On February 23, 2010, in accordance with Fed. R. Civ. P. 4(l)(1), Plaintiff filed an appropriate Affidavit of Service with the Court as proof of service. (Marti Decl. ¶ 2.)

### C. Grounds for Entry of Default

The Complaint was filed on February 17, 2010. Defendant has failed to appear, answer, or file other responsive pleadings in this matter. On April 20, 2010, Plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. No. 19.) The Clerk entered Default on April 30, 2010. (Dkt. No. 14.) On April 30, 2010, Plaintiff filed a Motion for Default Judgment, and a hearing was conducted on May 14, 2010. (Dkt. No. 15). When no representative for the Defendant appeared at the hearing, the undersigned Magistrate Judge took the Motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings[1], the undersigned Magistrate Judge finds that the Plaintiff has established the following facts.

Plaintiff is a Canadian corporation with its principal place of business located at 3 Concorde Gate, Fourth Floor, Toronto, Ontario, Canada M2C 3N7. (Compl. ¶ 3.) Plaintiff is a stock photography agency and licenses reproduction rights and display rights in existing photographs and images to users for a fee. (Compl. ¶ 3.) Over a number of years, Plaintiff obtained certificates of copyright registrations from the United States Copyright Office for five (5) distinct images. (Compl. ¶ 8; Exh. A.) These copyrighted images are identified as follows: 700-00014616, 700-00020430, 700-00024746, 700-00058629, and 700-00064921 ("Images"). Each image is properly covered under one of the three certificates of copyright registration obtained from the United States Copyright Office. (VA 1-023-866 on July 17, 2000, VA 1-090-598 on July 20, 2001, and VA 1-108-991 on September 24, 2001). (Compl. ¶ 8, Exh. A; Pl.'s Mem. Supp. Default J. at 3.)

At all times, Plaintiff was the sole and exclusive owner of all rights, titles, and interests in the copyrights for all five Images. (Compl. ¶ 12.) These copyrighted Images are original works of authorship fixed in a tangible medium of expression. (Compl. ¶ 11.) Hence, the Images can only be perceived, reproduced, or otherwise communicated with the aid of a machine or device. (Compl. ¶ 11.)

In early 2009, Plaintiff became aware that the Images, or derivative works based on the Images, were being used by Defendant on its professional Website without

---

[1] The pleadings include the Complaint (Dkt. No. 1), Plaintiff's Motion for Default Judgment (Dkt. No. 15), Plaintiff's Memorandum in Support of Default Judgment (Dkt. No. 16), Plaintiff's Supplemental Memorandum in Support of Statutory Damages and Attorneys' Fees and Costs (Dkt. No. 20), and the affidavits in support thereof (Marti Decl.; Fonoroff Decl.).

Plaintiff's permission. (Compl. ¶¶ 9, 15.) Thereafter, Plaintiff notified Defendant several times regarding Plaintiff's rights in the Images and Defendant's violation of those rights. (Compl. ¶ 18; Pl.'s Mem. Supp. Default. J. at 4.) Despite these warnings, Defendant continued to reproduce or publicly display Plaintiff's copyrighted works and/or created derivative works. (Compl. ¶ 18.) Consequently, Plaintiff argues that each reproduction of its protected imagery was a violation of Plaintiff's lawfully obtained copyright. (Compl. ¶¶ 19-20.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that this case concerns the copyright infringement of imagery that is protected by law through Plaintiff's lawfully acquired copyright certificates from the United States Copyright Office. Defendant purportedly caused irreparable injury to Plaintiff by willfully and knowingly infringing upon Plaintiff's protected copyright rights, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (Pl.'s Mem. Supp. Default Judgment at 4.) Thus, Plaintiff moves this Court to enter an Order of Default Judgment[2] against Defendant, as well as award injunctive relief and the following amount in monetary damages: $150,000 in statutory damages ($30,000 per work infringed), and reasonable attorneys' fees and costs in the amount of $12,547.44 ($10,870.00 in attorneys' fees and $1,677.44 in costs).

A defendant in default admits the factual allegations in the complaint. Fed R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also*

---

[2] On April 13, 2010, the Honorable Anthony J. Trenga found that Defendant, Development Partners, Inc. was in default. (Dkt. No. 8.)

*GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.") Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge analyzes Plaintiff's claims in accordance with Fed R. Civ. P.12(b)(6) to ensure that the Complaint properly states a claim.

The Complaint contends that usage of the Images on Defendant's website without Plaintiff's authorization constitutes copyright infringement. (Compl. ¶¶ 20-30.) The Copyright Act, 17 U.S.C. § 101 *et seq.*, provides a copyright owner the "exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies. . . (2) to prepare derivative works based upon the copyrighted work. . . (5) to display the copyrighted work publicly in the case of a pictorial or graphic work." 17 U.S.C. § 106(1), (2), and (5). The Copyright Act provides that anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright. 17 U.S.C. § 501(a). Generally, a copyright owner is entitled to remedies including injunctions, monetary damages, costs, and attorney's fees when his copyright is infringed upon. 17 U.S.C. §§ 502, 504, 505.

In order to substantiate copyright infringement, a plaintiff must show (1) its valid ownership of the copyright, and (2) defendant copied original elements of plaintiff's copyrighted work. *Trandes Corp. v. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir. 1993). Plaintiff alleges that it is the owner of the copyrighted Images and that each of the copyrighted Images are protected by a valid Certificate of Copyright Registration issued by the Registrar of Copyrights. (Compl. ¶ 8; Pl's Mem. Supp. Default J. at 3). Such

allegations satisfy the first element. The Court finds that Plaintiff owns a valid copyright for each of the copyrighted Images.

Plaintiff next contends that Defendant has violated Plaintiff's exclusive rights under the Copyright Act by publicly displaying Plaintiff's copyrighted Images on its website without Plaintiff's consent. Even after Plaintiff alerted Defendant of its violations, Defendant still continued to access, download, and display on its website images that are identical to or substantially similar to Plaintiff's copyrighted Images. (Pl.'s Mem. Supp. Default J. at 3-4.) Such allegations satisfy the second element. The Court finds that Defendant improperly utilized elements of Plaintiff's Images on its website.

Thus, the Court finds that Plaintiff owned valid copyrights to the five distinct Images, and that Defendant copied and publicly displayed Plaintiff's Images in violation of 17 U.S.C. § 101 *et seq*.

### A. Statutory Damages

Having accepted the well pleaded allegations of the Complaint as true, Plaintiff is entitled to judgment based on Defendant's violation. Consequently, 17 U.S.C. § 504(a) permits the aggrieved party to recover either (1) the copyright owner's actual damages and any additional profits of the infringer. . . or (2) statutory damages. In the case of a non-willful infringement, "[t]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action. . . in a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c).

Once a Plaintiff elects to recover statutory damages, pursuant to 17 U.S.C. § 504(c), a court has broad discretion in awarding a specific amount of statutory damages. *Fitzgerald Publ'g Co. v. Baylor Publ'g*, 807 F.2d 1110, 1116 (2d. Cir. 1986). In the instant action, Plaintiff seeks statutory damages in the amount of $150,000.00 ($30,000.00 per copied Image). However, Plaintiff notes in its Memorandum in Support of its Motion for Default Judgment that statutory damages can be increased to $150,000 per infraction for willful infringement as an adequate deterrent and punishment. This statutory increase is provided as just compensation for likely market losses due to the illegal use and reproduction of Plaintiff's copyrighted material. (Pl.'s Mem. Supp. Default J. at 7-8.) Despite the court's authority to award $150,000 per violation, Plaintiff in this matter only seeks the maximum amount of punishment for a non-willful action.

At the May 14, 2010 hearing, this Court explained to the Plaintiff that it could not award statutory damages because the precise dollar amount of the damages sought had not been explicitly included within Plaintiff's Complaint. Yet, upon consideration of Plaintiff's request to reevaluate the Court's interpretation of Fed. R. Civ. P. 54(c), this Court finds that Plaintiff has adequately proven that its request for statutory damages in the amount of $30,000 per infringed image does not "differ in kind from, or exceed in amount" the statutory damages requested in Plaintiff's Complaint.

"In all cases a judgment by default is subject to the limitations of Rule 54(c)." Fed. R. Civ. P. 55(d). Rule 54(c) expressly limits the amount of damages in a default case to the amount pled in the complaint. Fed. R. Civ. P. 54(c) ("A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."); *see also Compton v. Alton Steamship Co.*, 608 F.2d 96, 105 (4th. Cir. 1979)

("[T]he relief available on default [should] be such as within the fair scope of the allegations of the complaint and, when money judgment is sought, the specific amount demanded.")(citations omitted). The rationale is that a default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

The United States Court of Appeals for the Fourth Circuit has stated that in cases in which the complaint does not specify an amount of damages, some courts "have reasoned that as long as the defendant receives notice that some damages may be awarded, general allegations of actual damages suffice to support a default judgment." *Id.* at 133 (citations omitted). Thus, courts have entered "a default judgment for money damages when the complaint requests no specific amount," while others have concluded that a default judgment for greater damages than those sought in the complaint violates Rule 54(c). *Id.*

Here, even though Plaintiff sought statutory damages in its Prayer for Relief, Plaintiff did not explicitly include a monetary amount of statutory damages in its Complaint. The Complaint cited Section 504(c) of the Copyright Act and stated, "Plaintiff, if it so elects, be awarded statutory damages for each work infringed and that such award be increased based on Defendant's willful infringement, in accordance with Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c)."

Yet, upon review of case precedent with similar facts, it appears that Plaintiff's Complaint, which generally sought money damages plus attorney's fees, is not at odds with the specified damages sought in Plaintiff's Memorandum in Support of its Motion

for Default Judgment. *See Graduate Mgmt. Admission Council v. Lei Shi*, No. 1:07cv605, 2007 U.S. Dist. LEXIS 95920 (E.D. Va. Dec. 11, 2007), *adopted in part by* 2008 U.S. Dist. LEXIS 1621 *6 (E.D. Va. Jan. 7, 2008) (in reviewing the Plaintiff's Motion for Default Judgment, the court noted that even though the Complaint was silent as to a specific request for damages, Plaintiff still merited the amount of specified damages in its Memorandum in Support of Motion for Default Judgment because Plaintiff's generic statement on statutory damages in its Complaint was not inconsistent with Rule 54(c) and Fourth Circuit case law and Plaintiff sufficiently substantiated her specific claim with supporting affidavits and documents).

Despite the fact that the Complaint was silent as to a specific amount of damages, this Court now finds that Plaintiff's requested amount in its Motion for Default Judgment does not exceed the Complaint and is reasonable under the circumstances. Defendant copied and displayed images identical to Plaintiff's copyrighted Images on Defendant's website without Plaintiff's authorization. Furthermore, Defendant continued its deceptive conduct even after numerous warnings from Plaintiff. Accordingly, Plaintiff is entitled to statutory damages as compensation for Defendant's infringement in the amount of $150,000.00 ($30,000.00 per copied Image).

### *B. Attorneys' Fees and Costs*

Plaintiff also seeks an award in the amount of $12,547.44 ($10,870.00 in attorneys' fees and $1,677.44 in costs). (Pl.'s Suppl. Mem. Supp. Statutory Damages and Attorneys' Fees and Costs at 7.) Pursuant to Section 505 of the Copyright Act, Plaintiff is entitled to an award of full costs and reasonable attorneys' fees. In support of this request, Plaintiff submitted the Declaration of Alex S. Fonoroff, Esquire, and a detailed

breakdown of attorney's fees for this matter. (Dkt. No. 21.) Plaintiff's counsel avers under oath that $12,547.44 is an accurate representation of the attorneys' fees and costs incurred in this proceeding. After having examined and reviewed the Fonoroff Decl. along with its supporting affidavits (Dkt. Nos. 20, 21), the undersigned Magistrate Judge finds that the requested costs and fees is reasonable compensation for work necessarily expended to enforce Plaintiff's rights.

### C. Injunctive Relief

Lastly, in addition to monetary relief, Plaintiff also requests a permanent injunction barring the Defendant from infringing Plaintiff's copyright protected photographic images in the future. Section 502(a) of the Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of sections 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502.

To determine whether injunctive relief is appropriate in a given case, the Court must balance the following four factors: (1) the likelihood of success on the merits of the plaintiff's claim (for a preliminary injunction), or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the Plaintiff in the absence of an injunction; (3) the likelihood of harm to other interested persons if an injunction is issued; and (4) the public interest in granting versus not granting the injunction. *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

Where, as here, Defendant has defaulted and Plaintiff is entitled to a default judgment, Plaintiff has shown actual success on the merits. Furthermore, the likelihood of irreparable injury is clear in that Defendant's continuing conduct cannot fully be

remedied by a damage award, since Defendant could still access and download Plaintiff's protected Images onto its website. Considering that Defendant failed to remove the imagery even after Plaintiff notified Defendant of its infractions, there is a high probability that Defendant will engage in infringing conduct in the future. Moreover, there is no likelihood of harm to other interested persons if this injunction is issued. Therefore, the undersigned Magistrate Judge finds that Plaintiff is entitled to the injunctive relief that it seeks in this case.

## IV. <u>RECOMMENDATION</u>

The undersigned Magistrate Judge recommends that the Court grant the Plaintiff's Motion for Default Judgment against Defendant, Development Partners, Inc. (Dkt. No.15.) The undersigned further recommends an award of statutory damages in the total amount of $150,000.00, pursuant to 17 U.S.C. § 504, and attorneys' fees and costs in the total amount of $12,547.44, pursuant to 17 U.S.C. § 505. Thus, the total recommended monetary award is $ 162,547.44.

Additionally, under 17 U.S.C. § 502, the undersigned Magistrate Judge recommends an injunction be entered providing that the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant shall be and hereby is enjoined from:

(a) reproducing, displaying, distributing, creating derivative works of, or authorizing any third party to reproduce, display, distribution, or create derivative works

of the images, or any images substantially similar thereto, or otherwise infringing Plaintiff's copyrights in any manner, medium, or form; and

(b) assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraph (a).

## V. NOTICE

**By mailing copies of this report and recommendation, the parties are notified as follows. Objections to this report and recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendant at the following address:

Development Partners, Inc.
CSC, Registered Agent
11 S. 12th Street
Richmond, VA 23218

/s/
Ivan D. Davis
United States Magistrate Judge

August 16, 2010
Alexandria, Virginia